UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X

CREDIT SUISSE FIRST BOSTON FINANCIAL
CORPORATION,

                Plaintiff,           **OPINION & ORDER**

  -against-                        05-CV-4350 (CPS) (KAM)

JOSEPH LAMATTINA, et al.,

                Defendants.

---------------------------------------------------------------------- X
MATSUMOTO, United States Magistrate Judge:

           In the above-referenced matter, referred to the undersigned for general pretrial

supervision pursuant to 28 U.S.C. § 636(b), plaintiff seeks, pursuant to Federal Rule of Civil

Procedure 37, court reporter fees in the amount of $500 from pro se defendant Joseph LaMattina,

Esq. ("defendant") for his (i) failure to timely advise plaintiff of his inability to attend a noticed

deposition on November 4, 2005, and (ii) failure to appear for a noticed deposition on November

22, 2005.[1]  Upon review of the correspondence submitted by the parties (docket nos. 21, 23, and

26), including two separate invoices dated November 29, 2005 and December 14, 2005 from

LegaLink Manhattan (annexed to docket no. 26), plaintiff's retained court reporting service, and

for the reasons set forth below, plaintiff's request is granted.  Defendant shall reimburse plaintiff

---

[1]It is undisputed that, in addition to the two aborted depositions that form the bases of the
instant sanctions motion, defendant advised plaintiff at the last minute of his inability to appear
for his deposition on one other occasion (referred to as the "first occasion" in the parties'
submissions) due to his illness.  It does not appear that plaintiff is seeking reimbursement for
court reporter fees for this occasion.  Even if it were, however, the result would be the same
because, as discussed below, plaintiff has been unnecessarily required to pay court reporter fees
of $500 due to defendant's actions or inactions.

in the sum of $500 for court reporter fees within ten days of the date of entry of this Order, unless timely objection to this order is filed with the district court.

## DISCUSSION

Trial courts have broad discretion in determining whether to impose discovery sanctions. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976); Nieves v. City of New York, 208 F.R.D. 531 (S.D.N.Y. 2002). "Furthermore, compensation for incurred expenses is the mildest of all sanctions listed in Rule 37." Neufeld v. Neufeld, 169 F.R.D. 289, 290 (S.D.N.Y. 1996) (citing Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979)). Indeed, as the language of Rule 37 makes clear, the party who has failed to appear for a deposition bears the burden of demonstrating a substantial justification for his absence:

> [T]he court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was *substantially justified* or that other circumstances make an award of expenses *unjust*.

Fed. R. Civ. P. 37(d) (emphasis added).

As a preliminary matter, although plaintiff has not submitted for the Court's review the written notices of deposition purportedly served on defendant, defendant does not dispute that he was aware of the date, time and location of his deposition. Nor does defendant dispute the correctness or the regularity of the notice of deposition he presumably received, and if he had, he promptly should have served a written objection pursuant to Fed. R. Civ. P. 32(d)(1). Indeed, there is no indication that defendant timely objected, orally or in writing, to the notice

regarding his deposition, including the date, time or location of the deposition.

In response to plaintiff's request to recover court reporter fees, defendant does not dispute that he failed to timely advise plaintiff of his inability to appear for his previously noticed depositions on November 4 and November 22. With respect to his November 4 deposition, defendant explains that he "had a court appearance which took precedence over the deposition." Defendant further explains that he failed to appear for the November 22 deposition because he "was in the middle of a criminal trial . . . ." In his November 30, 2005 letter response to plaintiff's November 22, 2005 letter (docket no. 21) seeking discovery sanctions, defendant acknowledges that he should have contacted plaintiff regarding his inability to appear for deposition: "I have already apologized for not calling [plaintiff's counsel] prior to the day the deposition was scheduled for but I was caught up in the heat of trial [in another matter] and devoted my full attention to that case." (Docket no. 23, Letter from Joseph LaMattina to the undersigned dated November 30, 2005.)

In light of the foregoing, the Court finds that plaintiff was forced to spend $500 in court reporter fees due to defendant's untimely notice of his inability to attend his November 4 deposition and his failure to attend his November 22 deposition. Moreover, the Court has not found, pursuant to Fed. R. Civ. P. 37(d), that defendant's failures were "substantially justified" or that reimbursement to plaintiff in the amount of $500 would be "unjust." Accordingly, defendant shall reimburse plaintiff in the sum of $500 within ten days of the date of entry of this order. See Charlot v. City of New York, No. 03 Civ. 1045, 2005 WL 147292, at *3 (S.D.N.Y. Jan. 24, 2005) (ordering reimbursement of costs attributable to the last-minute cancellation of the deposition).

Plaintiff further seeks an order compelling defendant to (a) provide Fed. R. Civ. P. 26(a) disclosures, previously ordered on October 24, 2005 to be provided by October 31, 2005; (b) answer the Complaint; and (c) provide responses to plaintiff's discovery demands. The Court orders as follows. Should defendant fail to provide Rule 26(a) disclosures by December 29, 2005, he shall be subject to, upon appropriate application, further sanctions, including monetary sanctions and/or a default. Defendant shall respond to the Complaint by December 29, 2005, or be subject to a default upon appropriate application. Finally, defendant shall provide complete responses to plaintiff's discovery demands by January 6, 2006 and appear for his deposition on a date and time within 21 days thereafter.

## CONCLUSION

Defendant Joseph LaMattina shall reimburse plaintiff in the sum of $500 for court reporter fees within ten days of the date of entry of this order. Any objections to this order must be filed with United States District Judge Charles P. Sifton within ten days of the date of its entry. Failure to object within ten days of the date of entry will preclude appellate review by the district court. See Local Civil Rule 6.3; Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); see also Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."). Any requests for extensions of time to file objections should be made to Judge Sifton.

Plaintiff shall serve a copy of this order on defendant immediately upon receipt

and shall file an affidavit demonstrating service of the same.

**SO ORDERED**
Dated: December 20, 2005
      Brooklyn, New York

                            /s/
                            **Kiyo A. Matsumoto**
                            United States Magistrate Judge
                            Eastern District of New York

SERVICE LIST:

PLAINTIFF (*via ECF*)
JOSEPH LAMATTINA (*via overnight delivery*)